IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TAMMY MICHELLE HOCKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-13-1151-F |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for benefits under the Social Security Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). The Commissioner has answered and filed the administrative record (hereinafter TR. ____). The parties have briefed their positions, and the matter is now at issue. It is recommended that the Commissioner's decision be **REVERSED AND REMANDED** for further administrative proceedings.

### I. Procedural Background

Plaintiff's applications for benefits were denied initially and on reconsideration. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 11-26). The Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner. This judicial appeal followed.

## II. The Administrative Decision

The Commissioner followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R § 404.1520; 20 C.F.R. § 416.920. The ALJ first determined that although Plaintiff had worked after the alleged onset date, the work did not constitute substantial gainful activity. (TR. 13). The ALJ's step-two analysis found Plaintiff to have the following severe impairments: degenerative disc disease, arthritis, obesity, and chronic pain. (TR. 13). At step three, the ALJ determined that none of Plaintiff's impairments meets or medically equals the severity of one of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR. 19). At the first phase of step four, the ALJ determined Plaintiff's residual functional capacity (RFC):

> After careful consideration of the entire record, the Administrative Law Judge finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she could occasionally lift/carry 10 pounds and frequently lift/carry less than 10 pounds. She could sit for 6 hours out of an 8-hour workday, stand 2 hours out of and 8-hour workday, and walk 1 hour out of and 8-hour workday. She could sit for 30 minutes to 1 hour at a time. She should never climb ladders or balance. She could occasionally climb stairs, stoop, kneel, crouch or crawl. She uses a cane. She should not work around unprotected heights. She could perform simple 1-2 step tasks unskilled (SVP 2) work with minimal and superficial interaction with coworkers and the general public.

(TR. 19). At phase two of step four, the ALJ determined Plaintiff has past relevant work as a dispatcher, a customer service representative, and a technical support person.

(TR. 24). At the third phase of step four, the ALJ found that Plaintiff cannot perform any of her past relevant work.

At the fifth and final step of the sequential evaluation, the ALJ relied on the testimony of the vocational expert (VE) and determined that Plaintiff is capable of performing representative jobs such as order clerk; lens inserter; and cutter and paster; all of which exist in sufficient numbers in the local and national economies. (TR. 25).

Accordingly, the ALJ found that Plaintiff was not disabled from the alleged onset date through the date of the ALJ's decision.

### III. Issues Presented

Plaintiff contends the ALJ erred in analyzing the treating physician opinion of Harvey Jenkins, M.D. and in formulating Plaintiff's RFC.

### IV. Standard of Review

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

### V. Analysis

Plaintiff contends the ALJ's failure to properly analyze the opinion of Dr. Harvey Jenkins, Plaintiff's treating physician, is reversible error. The Commissioner

acknowledges the ALJ's error in failing, as a matter of law, to properly analyze Dr. Jenkin's opinion yet urges the court to find the error harmless.

A treating physician's opinion is entitled to controlling weight if it is supported by medically acceptable clinical and laboratory diagnostic techniques. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (quoting Social Security Ruling 96-2p, 1996 WL 374188, at *2). However, evidence may be discounted if it is internally inconsistent or inconsistent with other evidence." *Pisciotta v. Astrue*, 500 F.3d 1074, 1078 (10th Cir. 2007) (internal quotation marks omitted).

When an ALJ finds that a treating physician's opinion is not entitled to controlling weight, the ALJ must decide "whether the opinion should be rejected altogether or assigned some lesser weight." *Id.* at 1077. "Treating source medical opinions not entitled to controlling weight 'are still entitled to deference' and must be evaluated in light of the factors in the relevant regulations, 20 C.F.R. §§ 404.1527 and 416.927." *Newbold v. Colvin*, 718 F.3d. 1257, 1265 (10th Cir. 2013) (quoting *Watkins*, 350 F.3d at 1300).

In a July 2011 report, Dr. Jenkins stated Plaintiff could lift up to 15 pounds, sit a total of two to three hours in an eight-hour day, stand and walk 30 minutes each in an eight-hour day, and would need to be able to lie down, if needed. To help control her chronic pain, Dr. Jenkins noted that Plaintiff was taking pain medications such as Percocet and Soma, both of which could cause drowsiness. (TR. 743-744). Dr. Jenkins' July 2011 opinion is consistent with his earlier opinions proffered to a state agency

4

when Plaintiff was applying for temporary assistance for needy families (TANF). (TR. 470-471; 480-481; 503-504; 519-520).

The ALJ's decision is devoid of analysis of Dr. Jenkins' opinions regarding Plaintiff's limitations. It is clear from Dr. Jenkins' opinions that Plaintiff's condition did not improve. It is equally clear that Dr. Jenkins had treated Plaintiff frequently and was, in fact, a "treating physician;" yet the ALJ did not identify him as a treating physician, did not give his opinions controlling weight, and did not even state what weight she was affording Dr. Jenkins' opinion or why. Apparently, the ALJ actually gave Dr. Jenkins' opinions no weight at all. (TR. 15). But after discussing selected treating records of other health care providers, the ALJ came to this conclusion:

> The claimant has not had any permanent substantiated limitations placed on her ability to perform basic work activities by any treating or examining physicians. Objectively the claimant is able to sit, walk, lift, carry, handle objects, hear, speak and travel without difficulty. *The claimant's treating and examining physician's opinions and assessments are given great weight due to their treatment history and degree of contact with the claimant[.]*

(TR. 22) (emphasis added). This statement is in stark contrast with the ALJ's apparent dismissal of Dr. Jenkins' opinion. Moreover, the ALJ's failure to apply the correct legal test to the analysis of Dr. Jenkins' opinion is grounds for reversal apart from a lack of substantial evidence. *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). Accordingly, this court cannot apply the harmless error rule to the ALJ's failure to apply the appropriate legal analysis to the opinion of Dr. Jenkins.

5

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned magistrate judge recommends that the final decision of the Commissioner be **REVERSED AND REMANDED** for further administrative proceedings consistent with this Report and Recommendation.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **March 17, 2015**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on March 3, 2015.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE